THOMAS H. HALL and JOSEPH H. DWYER, Doing Business under the Firm Name of H. S. HALL & Co., Appellants, v. VICTOR E. MEYER, Doing Business under the Name and Style of VICTOR E. MEYER & Co., Respondent.

First Department, February 4, 1921.

**Sales — action to recover purchase price of goods sold by sample — bill of particulars as to nature of warranty pleaded as defense and as to respects in which property did not conform to sample.**

In an action to recover the purchase price of goods sold by sample in which the defense interposed is that the goods delivered did not conform to the warranty and were not in accordance with the sample, the plaintiff is entitled to a bill of particulars showing whether the defendant will rely on a separate warranty or an implied warranty, and if on a separate warranty, the nature thereof, and also in what respects the property delivered did not conform to the sample on which it was sold or to any warranty made.

APPEAL by the plaintiffs, Thomas H. Hall and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of September, 1920, denying plaintiffs' motion for a bill of particulars.

*Lawrence E. Brown* of counsel [*Emilie M. Bullowa* with him on the brief; *Bullowa & Bullowa*, attorneys], for the appellants.

*Arthur D. Fisher* of counsel [*Campbell, Flaherty, Turner & Strouse*], for the respondent.

PER CURIAM:

The action was brought to recover the purchase price of goods. The sale was by sample. One of the defenses alleges that plaintiffs specifically warranted and agreed that said merchandise would be of first class quality and merchantable and strictly in accordance with a sample, then exhibited, in weight, weave, quality and condition. The plaintiffs have asked for a bill of particulars requiring the defendant to state whether he relies upon a separate warranty or the implied warranty which attaches to a sale by sample, and if a separate warranty, the nature of that warranty. We think the plaintiffs are entitled to this relief. Furthermore, we think the plaintiffs are entitled to a bill of particulars showing in what respects the property delivered is claimed not to have conformed to the sample upon which it was sold or to any warranty made. It is no answer to this request that the seller knows what articles he has sold. He is entitled to know in what particulars it is claimed that the article was inferior to the sample upon which it was sold, in order that he may properly prepare his case. The order, therefore, should be reversed, with ten dollars costs and disbursements, and the motion granted.

Present — CLARKE, P. J., DOWLING, SMITH, PAGE and GREENBAUM, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted.